IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 08-477 (SLR) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BITTORRENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR EXTENSION OF TIME

Defendant BitTorrent, Inc. ("BitTorrent"), by and through its undersigned counsel, hereby moves the Court for an extension of time in which to move, answer or otherwise respond to the Complaint filed in the instant action. The reasons underlying this request are set forth below.

On July 30, 2008, Plaintiff filed its Complaint against BitTorrent. (D.I. 1). In connection therewith, Plaintiff caused to be issued a Summons courtesy of BitTorrent's agent for service of process in California. A review of the Summons indicates, however, that plaintiff listed the wrong address for BitTorrent's agent. As of the date of the filing of this motion, BitTorrent's agent for service of process in California has not been properly served with the Summons.

Instead, the Summons was served on the Delaware Secretary of State on July 31, 2008. While Fed. R. Civ. P. 4 ("Rule 4") and 10 *Del C* § 3104 ("Section 3104") permit service of process on an out-of-state corporation by service of the Summons on the Delaware Secretary of State, the statutory requirements do not end there. Rather, a plaintiff purporting to serve pursuant to Section 3104 must strictly comply with the statutory requirements, including, among other things, (i) that a notice be sent by registered mail to the defendant within 7 days of the

filing of the return of service on the Secretary of State and (ii) that the notice include specific information regarding the effectiveness of serving the Secretary of State. To date, neither BitTorrent nor its agent have received a notice consistent with the requirements of Section 3104. Delaware courts have consistently held that a defendant will only be deemed to have been properly served in accordance with Section 3104 once all of the requirements of Section 3104 are satisfied. *See, e.g., Greenly v. Davis and Davis*, 486 A.2d 669 (Del. 1984); *Allen v. Reddish*, 2006 WL 1688121 (Del. Super. June 20, 2006). Here, the requirements of Section 3104 have not been met.

While plaintiff filed what it termed a "Subpoena Returned Executed as to BitTorrent, Inc. c/o Registered Agent on July 31, 2008" on August 5, 2008, this filing is misleading and does not satisfy the requirements of Rule 4 and/or Section 3104. (D.I. 4). In addition, counsel for BitTorrent confirmed with the Secretary of State's office that it has not and will not be forwarding a copy of the Summons and Complaint by certified mail to BitTorrent as would be required by 8 *Del. C.* § 382. The docket is otherwise devoid of any reference to service having been effectuated and completed pursuant to Section 3104 or in any other manner permitted by Rule 4.

Notwithstanding the absence of effective service of process, counsel for BitTorrent contacted counsel for plaintiff on August 7, 2008 proposing an agreed upon time by which BitTorrent would respond to the allegations in the Complaint. Specifically, BitTorrent's counsel proposed waiving defects in service in return for a September 20, 2008 response date so as to provide it and its client with sufficient time to investigate and evaluate the allegations in the Complaint. Plaintiff rejected BitTorrent's proposal and instead conditioned any agreed upon response time to BitTorrent agreeing to an unreasonably early meet and confer pursuant to Fed.

R. Civ. P. 26. While BitTorrent has no interest in delaying the case scheduling process, it is also not in a position to meet productively until it has the opportunity to adequately investigate the claims and any possible defenses and counterclaims. In addition to the usual pre-filing investigation, in this case the plaintiff lost a prior case on the same patent against Microsoft Corporation and BitTorrent expects the public filings in that matter to be of interest.

On August 12, 2008, through Delaware counsel, BitTorrent renewed its proposal and specifically offered to accept service so as to avoid undue delay and any unnecessary expenditure of time or money by plaintiff in properly serving the Complaint. By letter dated August 14, 2008, plaintiff's out-of-town counsel rejected the offer, reiterating the demand for an unreasonably early meet and confer. (Ex. A hereto).

By letter dated August 18, 2008, counsel for BitTorrent reiterated its position, set forth why service has not been effectively completed, and again offered to accept service of the Complaint and to participate in the meet and confer process contemplated by the Federal and Local Rules in due course. (Ex. B hereto). In hopes of avoiding the need to burden the Court with this relatively minor scheduling issue, counsel for BitTorrent advised of the possibility of filing this motion and asked for a response from plaintiff's counsel. As of the filing of this motion, no response has been received from plaintiff's counsel.

Notwithstanding the dictate of the Summons, in the absence of proper service of process, BitTorrent is not required to move, answer or otherwise respond to the Complaint. Indeed, if plaintiff was forced to strictly comply with the provisions of Rule 4 and Section 3104, BitTorrent could have well beyond September 20, 2008 to respond to the Complaint. Moreover, Section 3104 specifically contemplates the ordering of "continuances as may be necessary to afford the defendant therein reasonable opportunity to defend the action." 10 *Del. C.* § 3104(h). Against

this backdrop, and where there are no pending deadlines that will be affected by a grant of this motion, plaintiff certainly will not be prejudiced by a grant of the relief sought herein. Furthermore, if the Motion is granted, and the response time extended, BitTorrent will accept service of process upon the undersigned counsel and waive any other service requirements.

WHEREFORE, BitTorrent respectfully requests that the Court (i) deem service of process to have been accepted by undersigned counsel for BitTorrent effective as of the date of this Motion and (ii) grant BitTorrent an extension of time in which to move, answer or otherwise respond to the Complaint filed in the above-referenced action through and including September 19, 2008.

| | |
|---|---|
| OF COUNSEL: | /s/ William J. Wade<br>William J. Wade (#704)<br>Anne Shea Gaza (#4093) |
| Charlene M. Morrow<br>David Hayes<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA  94104<br>(415) 875-2300 | RICHARD LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>wade@rlf.com<br>gaza@rlf.com |
| Dated:  August 19, 2008 | Attorneys for Defendant BitTorrent, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Michael Busenkell,
James M. Lennon
A. Martina Tyreus
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320

I hereby certify that on August 19, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

Robert Rohde
Rohde & Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000

_____
William J. Wade (#704)
wade@rlf.com

RLF1-3313767-1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, counsel for defendant BitTorrent, Inc. has been in contact with counsel for plaintiff to request relief sought in the motion and counsel for plaintiff has not responded to the latest such request.

/s/ William J. Wade
William J. Wade (#704)
wade@rlf.com

# EXHIBIT A

**ROHDE & VAN KAMPEN** PLLC
*Law Offices*

1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Telephone (206) 386-7353
Facsimile (206) 405-2825

ROBERT E. ROHDE
DIRECT: 206.386.7356
brohde@rohdelaw.com

August 14, 2008

*Via E-mail and U.S. Mail*

Charlene M. Morrow
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

    Re:   *CRS, LLC v. Bittorrent, Inc.*
           Case No. 1:08-cv-00477 SLR

Dear Ms. Morrow:

    This letter is in response to your request for a 30-day extension of Bittorrent's August 25, 2008 deadline to answer the complaint. As I explained during our telephone conversation of August 8, 2008, CRS was willing to grant the extension if in return you simply agreed to hold the Rule 26(f) conference on September 20, 2008 or soon thereafter. You refused.

    Our proposal, of course, was reasonable given Rule 26(f)'s requirement that the parties meet and confer as soon as practicable but at least 21 days before a Rule 16(b) scheduling conference is held. Rule 16(b), however, requires the scheduling order to issue within 90 days after the defendant's appearance. Therefore, to comply with Rule 26(f), the conference must be held within 69 days of your general appearance on August 8, 2008. Simple arithmetic reveals that even without your agreement, the Rule 26(f) conference must take place no later than October 16, 2008.

    Since you rejected our proposal, we expect to receive Bittorrent's timely answer on August 20, 2008. We would like to schedule a Rule 26(f) conference the following week. When are you available?

Charlene M. Morrow
Fenwick & West LLP
August 14, 2008
Page 2

                        Sincerely,
                ROHDE & VAN KAMPEN PLLC

                        Robert E. Rohde

Cc: Michael Busenkell

# EXHIBIT B



RICHARDS
LAYTON &
FINGER

Anne Shea Gaza
Counsel
302-651-7539
Gaza@rlf.com

August 18, 2008

Robert E. Rohde, Esquire
Rohde & Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000

RE: *CRS, LLC v. BitTorrent, Inc.*, C.A. No. 08-477 (SLR)

Dear Mr. Rohde:

We are in receipt of your letter to Charlene M. Morrow dated August 14, 2008 regarding the above-referenced case filed in the Delaware District Court. Ms. Morrow has asked that we respond to your letter on behalf of BitTorrent. As an initial matter, there appears to be an essential misunderstanding regarding the current status of this case. To date, BitTorrent has not been properly served nor has it or its counsel entered an appearance in the case. As a result, there is as yet no date by which BitTorrent is obliged to respond to the complaint filed.

As you are no doubt aware, BitTorrent is a California corporation with a principal place of business in California. Pursuant to Fed. R. Civ. P. 4 ("Rule 4"), BitTorrent may be served with process in the captioned action in a number of ways. One manner of service permitted under Rule 4 is service via Delaware's long arm statute, 10 *Del. C.* § 3104 ("Section 3104"). If you purported to serve BitTorrent via Delaware's long arm statute, the attempts at service to date have been ineffective. Section 3104 requires strict compliance with its terms in order to properly effect service. We also note that Section 3104 specifically contemplates extensions of time to respond to a properly served complaint. We also note that in Delaware it is common practice to extend the courtesy of an extension to respond to a complaint.

In the absence of effective service of process, and without an affirmative entry of appearance on behalf of BitTorrent, the 21 and 90 day deadlines set forth in your letter are irrelevant. Notwithstanding the foregoing, BitTorrent has authorized us to accept service of process on its behalf in return for the courtesy of an extension until September 19, 2008 to respond to the complaint. The "meet and confer" obligations can then be satisfied in due course pursuant to the Federal and Local Rules and Judge Robinson's particular scheduling practices. If you are amenable to the foregoing, kindly let us know by 4 p.m. Eastern time on Tuesday, August 19, 2008 so that we can avoid the time and expense involved in preparing and filing a motion for extension with the Court.

August 18, 2008
Page 2

                Very truly yours,

                *Anne Shea Gaza*

                Anne Shea Gaza

ASG/afg
cc:   Charlene M. Morrow, Esquire (via email)
      William J. Wade, Esquire (via email)

RLF1-3313374-1